EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Nancy Rivera Sepúlveda | 2015 TSPR 55<br><br>192 DPR ____ |

Número del Caso: TS-12,672

Fecha: 28 de abril de 2015

Programa de Educación Jurídica Continua:

    Lcda. Geisa Marrero Martínez
    Directora Ejecutiva

Materia: La suspensión será efectiva el 5 de mayo de 2015, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

| | | |
|---|---|---|
| In re: <br><br> **NANCY RIVERA SEPÚLVEDA** | **Núm.: TS-12,672** | Conducta Profesional |

*PER CURIAM*

En San Juan, Puerto Rico, a 28 de abril de 2015.

A pesar de haberle cursado varios requerimientos a la Lcda. Nancy Rivera Sepúlveda (licenciada Rivera Sepúlveda) para que acreditara haber completado las horas crédito exigidas por el Programa de Educación Jurídica Continua (PEJC), ésta ha hecho caso omiso a los mismos. Consistentemente hemos expresado que dicha conducta es inaceptable, por lo que acarrea la suspensión inmediata del ejercicio de la profesión. In re Vera Vélez, 2015 TSPR 7, 192 DPR _____ (2015). Evaluemos los antecedentes fácticos que hoy nos llevan a suspender inmediata e indefinidamente a la licenciada Rivera Sepúlveda de la práctica jurídica.

**I**

La licenciada Rivera Sepúlveda fue admitida al ejercicio de la abogacía el 26 de enero de 1999. Seis meses más tarde se integró también a la práctica notarial.

El 19 de marzo de 2013, la Lcda. Geisa Marrero Martínez, Directora del PEJC, compareció ante nos en representación de la Junta de Educación Jurídica Continua (Junta) para alertarnos sobre el incumplimiento de la licenciada Rivera Sepúlveda con los requisitos establecidos en el Reglamento del PEJC de 2005 (Reglamento de 2005), 4 LPRA Ap. XVII-E (2012), durante el periodo comprendido entre el 1 de marzo de 2007 al 28 de febrero de 2009. Además de advertirnos que la letrada no pagó la cuota de $50.00,[1] ni compareció a los procedimientos de rigor luego de haber sido debidamente citada, la Directora del PEJC nos informó que la togada tampoco ha completado los créditos correspondientes a los dos periodos subsiguientes.[2]

Examinado el Informe,[3] el 2 de mayo de 2013 emitimos una Resolución concediéndole a la licenciada Rivera Sepúlveda un término de 20 días para que mostrara causa

---

[1] El Reglamento del PEJC de 2005 dispone la imposición automática de una cuota de $50.00 por el cumplimiento tardío con el mínimo de horas crédito exigidas en su Regla 28. Regla 30 del Reglamento de 2005.

[2] Nos referimos a los periodos comprendidos entre el 1 de marzo de 2009 al 28 de febrero de 2011 y del 1 de marzo de 2011 al 28 de febrero de 2013.

[3] Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua (Incomparecencia a vista informal).

por la cual no debía ser suspendida del ejercicio de la profesión por no cumplir con los requisitos de educación jurídica continua.  La Resolución fue notificada inicialmente por correo certificado y, posteriormente, mediante entrega personal.[4]  El 9 de septiembre de 2013 la letrada compareció solicitando un término adicional de 60 días para tomar los cursos adeudados y evidenciar lo anterior.  Atendida la moción de la licenciada Rivera Sepúlveda, el 13 de diciembre de 2013 se le concedieron 60 días para que se pusiera al día con los requisitos de educación jurídica continua y acreditara su cumplimiento.[5]

El 3 de abril de 2014 la letrada compareció nuevamente y solicitó un término adicional de 60 días para cumplir. Explicó que se encontraba desempleada desde diciembre de 2010, por lo cual no contaba con los medios económicos necesarios para completar los cursos.  Es por dicho motivo que el 30 de mayo de 2014 dictamos Resolución concediendo la segunda prórroga solicitada.[6]

Pasado tiempo en exceso del otorgado a la letrada para subsanar la deficiencia señalada por el PEJC sin que ésta hubiera cumplido, el 8 de octubre de 2014 le fue entregada personalmente copia de nuestra Resolución fechada el 3 de

---

[4]     La notificación mediante correo certificado se realizó el 9 de mayo de 2013 y la entrega personal el 21 de agosto de 2013.

[5]     La Resolución fue notificada vía correo certificado el 23 de diciembre de 2013, pero fue devuelta, por lo que se le notificó personalmente el 3 de febrero de 2014.

[6]     La Resolución de 30 de mayo de 2014, la cual fue notificada por correo certificado el 4 de junio de 2014, también fue devuelta.

octubre de 2014, concediéndole un periodo de 10 días para que presentara la certificación de cumplimiento con el PEJC. No obstante, al día de hoy la letrada no ha comparecido.

## II

Dentro de nuestro poder inherente de regular la profesión legal, tenemos el deber de asegurarnos que los miembros admitidos al ejercicio de la abogacía, ejerzan la misma responsable, competente y diligentemente. In re Vera Vélez, *supra*. Para ello el Código de Ética Profesional particulariza cuáles son las normas mínimas de conducta que deben exhibir los letrados en el desempeño de sus funciones. Íd. En cuanto al comportamiento ante los tribunales, específicamente, el Canon 9 de dicho cuerpo legal exige de los abogados una conducta que se caracterice por el mayor de los respetos. 4 LPRA Ap. IX, C. 9 (2012). Ínsito en dicho precepto, se encuentra el deber de los abogados de atender diligente y oportunamente las órdenes de este Tribunal, en particular, cuando se trata de procedimientos relativos a su conducta profesional. In re Pérez Román, 2014 TSPR 98, 191 DPR ____ (2014); In re Irizarry Irizarry, 190 DPR 368 (2014). Por lo tanto, hemos reiterado que ignorar las órdenes judiciales, además de constituir un serio agravio hacia la autoridad de los tribunales, infringe el Canon 9 del

Código de Ética Profesional.  In re Pérez Román, *supra;* In re Irizarry Irizarry, *supra.*

Como resultado, hemos sido consistentes en ordenar la suspensión inmediata del ejercicio de la profesión de aquellos letrados que incumplen con las órdenes de este Tribunal.  In re Bryan Picó, 2015 TSPR 10, 192 DPR ____ (2015).  "[E]sta actitud de indiferencia y menosprecio a la autoridad del Tribunal no puede ser tomada livianamente, ya que constituye un curso de acción inaceptable que acarrea la suspensión inmediata de la práctica jurídica." (Citas omitidas).  In re Vera Vélez, *supra*.

Según expusimos anteriormente, una vez la Junta refirió ante nos las incomparecencias e inobservancias de la licenciada Rivera Sepúlveda con los requisitos reglamentarios del PEJC, le concedimos a la misma amplia oportunidad para subsanar las deficiencias señaladas y acreditar su cumplimiento.  No obstante, y a pesar de haberle otorgado varias prórrogas para ello, la licenciada finalmente incumplió nuestras órdenes.  Consistentemente, hemos censurado cursos de acción como éste.

### III

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida de la Lcda. Nancy Rivera Sepúlveda del ejercicio de la abogacía y la notaría.  Le ordenamos notificar a todos sus clientes de su inhabilidad

para seguir representándolos y devolverles tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país en los que tenga algún caso pendiente. Deberá acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial de la licenciada Rivera Sepúlveda, incluyendo su sello notarial, y deberá entregarlos a la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* a la Lcda. Nancy Rivera Sepúlveda por la Oficina del Alguacil de este Foro.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

**NANCY RIVERA SEPÚLVEDA**     Núm. **TS-12,672**

**SENTENCIA**

En San Juan, Puerto Rico, 28 de abril de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Nancy Rivera Sepúlveda del ejercicio de la abogacía y la notaría.

Le ordenamos notificar a todos sus clientes de su inhabilidad para seguir representándolos y devolverles tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país en los que tenga algún caso pendiente. Deberá acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial de la licenciada Rivera Sepúlveda, incluyendo su sello notarial, y deberá entregarlos a la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Lcda. Nancy Rivera Sepúlveda por la Oficina del Alguacil de este Foro.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo