EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| José Luis Cotto Ramos | 2018 TSPR 121 |
| | 200 DPR ____ |

Número del Caso: TS-9,803

Fecha:   20 de marzo de 2018

Abogado del promovido:

　　　Por derecho propio.

Director del Programa de Educación Jurídica:

　　　Lcdo. José Ignacio Campos Pérez
　　　Director

Materia: La suspensión será efectiva el 6 de julio de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:                                    TS-9,803

José Luis Cotto Ramos

PER CURIAM

En San Juan, Puerto Rico, a de 20 de marzo de 2018.

Hoy nos atañe desempeñar nuestro poder disciplinario y dictaminar la separación del Lcdo. José L. Cotto Ramos (licenciado Cotto Ramos) de la práctica legal y

del ejercicio de la notaría por desobedecer nuestras órdenes.

Pasemos pues a enunciar el marco fáctico que acarreó su suspensión.

**I**

El licenciado Cotto Ramos fue admitido al ejercicio legal el 25 de junio de 1991, mientras que el 6 de agosto de ese mismo año prestó juramento como notario. El 20 de abril de 2017 el Director Ejecutivo del Programa de Educación Jurídica

Continua (PEJC), el Lcdo. José Ignacio Campos Pérez, presentó ante esta Curia un escrito que tituló *Informe sobre incumplimiento con requisito de educación jurídica continua*. A través de éste, nos comunicó que el licenciado Cotto Ramos incumplió los requerimientos del PEJC para el periodo de enero de 2011 a diciembre de 2012.

En vista de ello, el 30 de mayo de 2017 este Tribunal emitió una Resolución concediéndole al licenciado Cotto Ramos un término de veinte días para comparecer y mostrar causa por la cual no debía ser separado de la abogacía. Esto, dado a su inobservancia con las exigencias del PEJC y por no comparecer ante dicho ente según requerido.

Debido a la inacción del licenciado Cotto Ramos, el **29 de diciembre de 2017** dictamos una segunda Resolución.[1] En ésta, **le otorgamos un plazo final e improrrogable de diez días para que acatara lo ordenado**. Asimismo, le advertimos que su desobedecimiento con nuestras órdenes podía implicar sanciones severas, inclusive su separación de la profesión.

En miras de estos hechos, ahora esbozaremos el derecho que aplica.

## II

Como parte del poder inherente para regular la profesión de la abogacía en Puerto Rico, este Tribunal

---

[1] En cuanto a la notificación de esta Resolución, el 8 de enero de 2018 el Alguacil Auxiliar de Seguridad de este Foro cursó una misiva donde esbozó las gestiones que llevó a cabo para entregarla. Indicó que llamó al número telefónico que aparecía en el Registro Único de Abogados, el cual pertenecía al bufete donde el señor Cotto Ramos trabajaba. Manifestó que se le comunicó que éste no laboraba allí hace ocho años y se le proveyó un número de teléfono adicional. Expresó que llamó al número provisto en dos ocasiones y que envió un mensaje de texto, pero no obtuvo respuesta.

tiene la tarea de asegurarse que sus miembros desempeñen sus funciones de forma responsable, competente y diligente.[2] A tono con ello, el Código de Ética Profesional dispone las normas *mínima*s de conducta que deben desplegar los abogados y abogadas que ejercen esta ilustre profesión.[3]

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, es una de las disposiciones de mayor envergadura, ya que establece cómo los letrados deben conducirse en los tribunales de justicia del país.[4] A esos fines, y en lo que nos concierne, preceptúa que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[5]

Al interpretar esta disposición, hemos pronunciado que la naturaleza de la función del abogado conlleva que éste emplee estricta atención y obediencia a las órdenes de este Tribunal, o de cualquier foro judicial que se encuentre obligado a comparecer.[6] Dicho de otro modo, todo miembro de la clase togada tiene un deber ineludible de respetar, acatar y responder de forma diligente nuestras órdenes. Esta obligación exige mayor observancia cuando se trata de

---

[2] In re Oyola Torres, 194 DPR 437 (2016); In re Vera Vélez, 192 DPR 216, 226 (2015).
[3] In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689 (2013).
[4] In re Shirley Vélez Rivera, 2018 TSPR 4, en la pág. 6, 199 DPR ___ (2018).
[5] 4 LPRA Ap. IX. C. 9.
[6] In re García Ortiz, 187 DPR 507, 524 (2012).

asuntos relativos a la conducta profesional de los abogados.[7]

La inobservancia de un miembro de la clase togada con las órdenes de este Tribunal evidencia un claro menosprecio hacia nuestra autoridad.[8] Asimismo, su desatención a las órdenes judiciales no se tomará de manera liviana pues constituye un serio agravio a la autoridad de los tribunales.[9] Por consiguiente, hemos manifestado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias es causa suficiente para la suspensión inmediata e indefinida de la práctica de la abogacía.[10]

Este canon comprende los preceptos que rigen el comportamiento de los letrados ante los foros judiciales. Sin embargo, hicimos extensivo a las entidades que les delegamos la tarea de velar por el cumplimiento de las obligaciones que acarrean la práctica legal. Por ende, la aplicación del Canon 9 no está restringida a las órdenes expedidas por esta Curia.[11] De modo que, esta norma, también rige la conducta que la clase togada debe observar sobre los requerimientos llevados a cabo por las entidades que auxilian a este Tribunal en el descargo de sus

---

[7] *In re Rivera Sepúlveda*, 192 DPR 985, 988 (2015); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).

[8] *In re Irizarry Irizarry*, *supra*, pág. 374; *In re De León Rodríguez*, 190 DPR 378, 390-391 (2014).

[9] *In re Christine M. Pratts Barbarossa*, 2018 TSPR 5, en la pág. 6, 199 DPR ___ (2018); *In re Planas Merced*, 195 DPR 73, 77 (2016).

[10] *In re Figueroa Cortés*, 196 DPR 1, 3 (2016); *In re López González*, 193 DPR 1021 (2015); *In re Irizarry Irizarry*, *supra*; *In re Vera Vélez*, *supra*, pág. 227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).

[11] *In re Torres Román*, 195 DPR 882, 891 (2016).

responsabilidades.[12] Por consiguiente, las obligaciones que impone el Canon 9 se extienden a los requerimientos del PEJC.[13]

Consignado el marco jurídico que aplica a los hechos de este caso, nos encontramos en posición de resolver.

### III

Como apuntamos, este asunto tuvo su génesis el año pasado cuando el Director Ejecutivo del PEJC presentó ante esta Curia un informe donde comunicó el incumplimiento del licenciado Cotto Ramos con los requisitos del programa. Acto seguido, ordenamos al licenciado Cotto Ramos que, en un plazo de veinte días, mostrara causa por la cual no debíamos separarlo de la profesión legal por inobservar su deber de educarse. Debido a que éste nunca compareció, **siete meses más tarde** le concedimos un **término final** de diez días para que cumpliera lo requerido. Le advertimos, además, que si no acataba nuestras órdenes podía ser separado de la profesión.

A pesar de habérsele concedido diversas oportunidades, al día de hoy, el licenciado Cotto Ramos no ha comparecido, y por ende, no ha cumplido nuestros requerimientos. Su proceder denota desidia e indiferencia con nuestras órdenes, mancillando así nuestra autoridad en clara violación al Canon 9. Ello, por sí solo, amerita que sea disciplinado y suspendido del ejercicio legal.

---

[12] Íd.

[13] In re Justo Méndez Molina, 2018 TSPR 3, en la pág. 6, 199 DPR ___ (2018).

**IV**

En miras de lo que precede, separamos de manera inmediata e indefinida al señor Cotto Ramos de la práctica de la abogacía y la notaría. Consecuentemente, la fianza notarial queda automáticamente cancelada. Le imponemos al señor Cotto Ramos la obligación de poner en conocimiento a todos sus clientes sobre su inhabilidad de continuar representándolos y de restituir los honorarios recibidos por las labores no realizadas. Además, tiene el deber de comunicar su suspensión a los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún caso pendiente. Asimismo, deberá acreditar y certificar a esta Curia su cumplimiento con lo anterior dentro de un término de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la obra protocolar y sello notarial del señor Cotto Ramos y entregarlos al Director de la ODIN.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>José Luis Cotto Ramos | TS-9,803 |

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2018.

Por los fundamentos enunciados en la Opinión *Per Curiam* que precede y se hace formar parte de la presente Sentencia, determinamos que el Sr. José Luis Cotto Ramos infringió el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. En consecuencia, separamos de manera inmediata e indefinida al señor Cotto Ramos de la práctica de la abogacía y la notaría. La fianza notarial queda automáticamente cancelada.

En vista de ello, imponemos al señor Cotto Ramos la obligación de poner en conocimiento a todos sus clientes sobre su inhabilidad de seguir representándolos y de restituir los honorarios recibidos por labores no realizadas. Además, tendrá el deber de comunicar su suspensión a los foros judiciales y administrativos de Puerto Rico donde tenga algún caso pendiente. Asimismo, deberá acreditar y certificar a esta Curia su cumplimiento con lo anterior dentro de un término de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia. Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la obra protocolar y sello notarial del señor Cotto Ramos y entregarlos al Director de la ODIN.

Notifíquese por correo certificado con acuse de recibo y vía correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo