EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Augusto C. Medina Perea | 2018 TSPR 73 <br><br> 200 DPR ____ |

Número del Caso: TS-11,241


Fecha: 30 de abril de 2018


Abogado de la parte promovida:

      Lcdo.  Carlos Dávila Vélez


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director


Materia: Conducta Profesional – La suspensión será efectiva el 1ro de mayo de 2018, fecha en que se le notificó al abogado por correo de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:                                    TS-11,241
Augusto C. Medina Perea


PER CURIAM


En San Juan, Puerto Rico, a de 30 de abril de 2018.

Nos atañe ejercer nuestro poder disciplinario para decretar, nuevamente, la separación del Lcdo. Augusto C. Medina Perea (licenciado Medina Perea o letrado) de la práctica legal por desobedecer nuestras órdenes.

A continuación enunciamos el marco fáctico que acarreó su suspensión.

**I**

El licenciado Medina Perea fue admitido a la profesión legal el 30 de junio de 1995, mientras que juró para ser notario el 12 de septiembre de ese mismo año. El asunto objeto de nuestra consideración tuvo su génesis el 10 de febrero de 2014 cuando,

a través de una Opinión *Per Curiam*, separamos al licenciado Medina Perea de la profesión de la abogacía y del ejercicio de notaría.[1]

Por motivo de ello, el 19 de marzo de 2014 el Director de la Oficina de Inspección de Notarías (ODIN) sometió su informe donde comunicó que la obra notarial del letrado fue incautada. Asimismo, expresó que en ella se encontraron múltiples deficiencias, a saber: (1) protocolos para los años 2003 al 2005 no encuadernados; (2) omisión de la nota de cierre en los protocolos; (3) omisión de foliación al margen superior derecho; (4) faltaba la firma, el signo y la rúbrica del notario; (5) omisión de las nota de saca y firmas en nota de saca; (6) espacios en el contenido de la escritura. Plasmó, además, que el Libro de Registro de Testimonio contenía 1,124 asientos y que a partir de la entrada número 263 no se adhirieron los sellos de la Sociedad para la Asistencia Legal (SAL). Informó, además, que el letrado no presentaba índices notariales desde abril de 2003.

El 18 de agosto de 2015 otorgamos al licenciado Medina Perea un plazo de sesenta días para que corrigiera los defectos que tenía su obra notarial. Debido a que el letrado llevó a cabo gestiones para subsanar algunos de los señalamientos, el 28 de diciembre de 2015 lo reinstalamos a la profesión legal, pero no al ejercicio del notariado.

---

[1] In re Medina Perea, 190 DPR 241 (2014).

Así las cosas, el 15 de febrero de 2016 la ODIN presentó un escrito con el fin de actualizar el estado de la obra incautada. Entre otros asuntos, expresó que el licenciado Medina Perea omitió adherir el sello de la SAL en 43,058 entradas de testimonios, por ende, concluyó que su deuda arancelaría podía ascender a $ 147,000. En consecuencia, el 13 de mayo de 2016 dictamos una resolución otorgándole al letrado un término de diez días para coordinar con la ODIN la subsanación de las deficiencias señaladas. Además, le advertimos que su desobediencia con ese requerimiento podía desatar su suspensión de la práctica de la abogacía.

En vista de la desatención del licenciado Medina Perea con nuestras órdenes, el 6 de julio de 2017 la ODIN remitió un informe en el cual apuntó que "el proceso de subsanación de la obra notarial del licenciado Medina Perea no ha sido completado, a pesar de los poco más de tres años transcurridos desde su incautación, incluyendo la cancelación de la deficiencia notificada en sus Libros de Registro y de Testimonios, la cual asciende a la cantidad estimada de Ciento Cuarenta y Siete Mil Dólares". (Énfasis suprimido).

En consideración de esto, el 1 de diciembre de 2017 esta Curia emitió una resolución otorgándole al letrado un **plazo final e improrrogable** de treinta días para subsanar la insuficiencia arancelaria. Asimismo, advertimos que ignorar nuestra orden podía conllevar que fuera referido a

un proceso de desacato. Ante la desatención a nuestro requerimiento, el 16 de enero de 2018 emitimos otra resolución dándole al licenciado Medina Perea un periodo de cinco días para cumplir la orden del 1 de diciembre de 2017. Apercibimos, además, que su inobservancia podía conllevar su separación del ejercicio de la abogacía y ser referido a un proceso de desacato. Igualmente, solicitamos a la ODIN que en un plazo de cinco días presentara un informe de estatus sobre la obra protocolar incautada.

El 26 de enero de 2018, la ODIN presentó una *Moción notificando incumplimiento de orden por letrado y en cumplimiento de orden de la ODIN*. Adujo que el licenciado Medina Perea incumplió lo instruido por este Tribunal. Incluyó un Informe actualizado sobre estado de obra notarial incautada en el cual la funcionaria encargada del asunto plasmó que no se pudo reunir con el letrado pues su representación legal informó que éste tenía conflictos en su calendario dado a compromisos en los foros judiciales. Explicó que la obra protocolar permanecía en el estado descrito y que la insuficiencia arancelaria en el Registro de Testimonios no había sido satisfecha.

Por su parte, el 23 de febrero de 2018 el licenciado Medina Perea presentó una *Moción Informativa* donde aseveró que restaba por cumplir ciertas deficiencias en los índices notariales y las insuficiencias de aranceles en los testimonios. En lo relativo a esto último, manifestó que "legitimó los testimonios que le fueron autorizados por la

SAL y sellados como exentos". Específicamente, adjuntó copia de sus entradas desde la número 117 hasta la 136 y de la 245 hasta la 260.

A la luz de este cuadro fáctico, nos corresponde esbozar el derecho que aplica.

## II

Este Tribunal, como parte de nuestro poder inherente para regular la profesión de la abogacía en Puerto Rico, tiene la encomienda de asegurarse que los componentes de las mismas desempeñen sus funciones de forma responsable, competente y diligente.[2] A través del Código de Ética Profesional establecimos las normas mínimas de conducta que los abogados y las abogadas que ejercen la ilustre profesión deben desplegar.[3]

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, es una de las disposiciones de mayor envergadura ya que establece que los letrados deben conducirse con el mayor respeto hacia los tribunales de justicia del país.[4] En lo atinente preceptúa que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[5]

Al aplicar esta norma hemos pronunciado que la naturaleza de la función de la abogacía requiere que se

---

[2] In re Oyola Torres, 194 DPR 437 (2016); In re Vera Vélez, 192 DPR 216, 226 (2015).

[3] In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689 (2013).

[4] In re Federico O. López Santiago, 2018 TSPR 31, en la pág. 11, 199 DPR ___ (2018). In re Shirley Vélez Rivera, 2018 TSPR 4, en la pág. 6, 199 DPR ___ (2018).

[5] 4 LPRA Ap. IX. C. 9.

emplee estricta atención y obediencia a las órdenes de este Tribunal, o de cualquier foro judicial que los letrados se encuentren obligados a comparecer.[6] Dicho de otro modo, los miembros de la clase togada tienen un deber ineludible de respetar, acatar y responder de forma diligente nuestras órdenes. Esto, particularmente, exige mayor observancia cuando se trata de asuntos relacionados con su conducta profesional.[7]

La inobservancia de un miembro de la profesión legal con las órdenes de este Tribunal evidencia un claro menosprecio hacia nuestra autoridad.[8] Es por ello que su desatención con las órdenes judiciales no se toma de manera liviana, puesto que constituye un serio agravio a la autoridad de los tribunales.[9] Por tal razón, hemos pautado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias es causa suficiente para la suspensión inmediata e indefinida de la práctica de la abogacía.[10]

Consignado el marco jurídico que aplica a los hechos de este caso, estamos en posición de resolver.

---

[6] In re García Ortiz, 187 DPR 507, 524 (2012).

[7] [7] In re Federico O. López Santiago, 2018 TSPR 31, en la pág. 12, 199 DPR ___ (2018), In re Rivera Sepúlveda, 192 DPR 985, 988 (2015); In re Irizarry Irizarry, 190 DPR 368, 375 (2014).

[8] In re Irizarry Irizarry, supra, pág. 374; In re De León Rodríguez, 190 DPR 378, 390-391 (2014).

[9] In re Christine M. Pratts Barbarossa, 2018 TSPR 5, en la pág. 6, 199 DPR ___ (2018); In re Planas Merced, 195 DPR 73, 77 (2016).

[10] In re Figueroa Cortés, 196 DPR 1, 3 (2016); In re López González, 193 DPR 1021 (2015); In re Irizarry Irizarry, supra; In re Vera Vélez, supra, pág. 227; In re Toro Soto, 181 DPR 654, 660 (2011); In re Martínez Sotomayor I, 181 DPR 1, 3 (2011).

**III**

Como bien pudimos observar, al día de hoy, han transcurrido más de cuatro años desde que separamos al letrado de la abogacía y notaría. Desde entonces, hemos dictado múltiples órdenes para que éste subsane los defectos que fueron encontrados en su obra notarial. Si bien corrigió varios de los señalamientos, lo cierto es que a la fecha no ha satisfecho su deuda arancelaria. Ello, a pesar de los términos finales y bajo apercibimientos que le hemos concedido. Inclusive, en su ultima comparecencia el licenciado Medina Perea reconoció que adeudaba unos índices notariales y las deficiencias aranceles del libro de testimonios. La conducta del letrado, al no acatar nuestras órdenes, demuestra su desinterés en continuar ejerciendo la abogacía y por ello lo disciplinamos.

**IV**

En miras de lo que antecede, suspendemos de manera inmediata e indefinida al señor Medina Perea de la práctica de la abogacía. Imponemos al señor Medina Perea la encomienda de poner en conocimiento a todos sus clientes sobre su inhabilidad de seguir representándolos y de restituir los honorarios recibidos por las labores no ejecutadas. Además, deberá comunicar su suspensión a todos los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún asunto pendiente. Tendrá, también, que acreditar y certificar a esta Curia el cumplimiento de

lo anterior dentro de un periodo de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia.

Se refiere al Departamento de Justicia para que tome la acción pertinente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*: <br><br> Augusto C. Medina Perea | TS-11-241 |

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de marzo de 2018.

Por los fundamentos enunciados en la Opinión *Per Curiam* que precede y se hace formar parte de la presente Sentencia, suspendemos de manera inmediata e indefinida al Sr. Augusto C. Medina Perea de la práctica de la abogacía. Imponemos al señor Medina Perea la encomienda de poner en conocimiento a todos sus clientes sobre su inhabilidad de seguir representándolos y de restituir los honorarios recibidos por las labores no ejecutadas. Además, deberá comunicar su suspensión a todos los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún asunto pendiente. Tendrá, también, que acreditar y certificar a esta Curia el cumplimiento de lo anterior dentro de un periodo de treinta días a partir de la notificación de la Opinión *Per Curiam* y Sentencia.

Se refiere al Departamento de Justicia para que tome la acción pertinente.

Notifíquese por correo certificado con acuse de recibo y vía correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*: <br><br> Augusto C. Medina Perea | TS-11,241 |

**RESOLUCIÓN**
**NUNC PRO TUNC**

En San Juan, Puerto Rico, a 23 de mayo de 2018.

Se enmienda *nunc pro tunc* nuestra sentencia del 30 de marzo de 2018 a los únicos fines de que la fecha de la misma sea la siguiente: 30 de abril de 2018.

Notifíquese de inmediato.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Jueza Presidenta Oronoz Rodríguez no intervino.


Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina