EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Enrique J. Prieto González | 2019 TSPR 96 <br><br> 202 DPR \_\_\_\_\_ |

Número del Caso:  TS-16,518


Fecha: 17 de mayo de 2019


Programa de Educación Jurídica Continua:

      Lcda. María Cecilia Molinelli González
      Directora Ejecutiva


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Avila De Jesús
      Director



Materia:  La suspensión será efectiva el 21 de mayo de 2019, fecha en que se le notificó por correo electrónico al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enrique J. Prieto González     TS-16,518

PER CURIAM

En San Juan, Puerto Rico, a 17 de mayo de 2019.

Una vez más nos vemos obligados a suspender a un letrado del ejercicio de la abogacía y de la notaría por incumplir con las órdenes de este Tribunal.

I

El Lcdo. Enrique J. Prieto González fue admitido al ejercicio de la abogacía el 20 de agosto de 2007 y al ejercicio de la notaría el 14 de febrero de 2008. El 13 de diciembre de 2018 el Programa de Educación Jurídica Continua (PEJC) notificó a este foro que el Lcdo. Enrique Prieto González no cumplió con los requisitos de educación jurídica continua para el periodo que va del 1 de noviembre de 2011 al 31 de octubre de 2013. El 9 de enero de 2019 emitimos una

Resolución en la que le concedimos un término de veinte días para que mostrara causa de por qué no debe ser suspendido de la profesión legal por incumplir con los requisitos y requerimientos del PEJC. Transcurrido el término de veinte días, el licenciado Prieto González no cumplió con lo que le solicitamos. Por otro lado, el 11 de febrero de 2019 la Oficina de Inspección de Notarías (ODIN) nos informó que el licenciado Prieto González incumplió con la corrección de unas deficiencias que le fueron notificadas. La ODIN explicó que el 31 de mayo de 2017 se le notificó al licenciado Prieto González que su obra notarial sería inspeccionada el 8 de junio de 2017, debido a una queja que fue presentada en su contra. Posteriormente, emitimos una Resolución en la que archivamos la queja. Sin embargo, la ODIN continuó con el proceso de inspección de la obra notarial el cual, por ciertas situaciones, comenzó el 23 de junio de 2017. El proceso de inspección continuó el 5 de marzo de 2018 en la oficina de la ODIN, ya que por ciertas circunstancias particulares se le autorizó al notario a trasladar la obra notarial hasta ese lugar. Ese día, el licenciado Prieto González solicitó el cese voluntario de la notaría, ya que se iba a ir a vivir fuera de Puerto Rico. Además, entregó nueve tomos de Protocolo (2008-2016) y once instrumentos públicos del año 2017 sin encuadernar. Estos últimos fueron luego encuadernados en la ODIN. También, el licenciado Prieto González entregó su sello notarial y dos volúmenes de su registro de testimonios. Lo

único que el licenciado Prieto González quedó a deber, ese día, fue la evidencia del pago de fianza notarial.

La inspectora del caso preparó un informe sobre el estado de la obra notarial en el que explicó que perdió comunicación con el licenciado Prieto González luego de que este entregó la obra notarial en marzo de 2018. En septiembre de 2018 la inspectora pudo comunicarse nuevamente con el licenciado Prieto González y le notificó las deficiencias en su obra notarial, que en su mayoría son arancelarias y ascienden a $8,995. El 11 de octubre de 2018 el director de la ODIN le envió copia del informe al licenciado Prieto González. Tras varias comunicaciones, la ODIN le dio al licenciado Prieto González hasta el 15 de enero de 2019 para que subsanara las deficiencias. La inspectora que tenía el caso asignado emitió un segundo informe el 25 de enero de 2019, en el que expresó que el licenciado Prieto González no subsanó las deficiencias que le fueron señaladas.

Ante esto, el 20 de febrero de 2019, emitimos una Resolución en la que le concedimos al notario un término final e improrrogable de veinte días para que cumpliera con la orden de mostrar causa que emitimos el 9 de enero de 2019. Asimismo, le ordenamos al licenciado Prieto Gonzalez que muestre causa en un término de veinte días de por qué no debe ser suspendido del ejercicio de la notaría y para que, en el mismo plazo, subsanare todas las deficiencias que le fueron señaladas tras la inspección de su obra notarial. Además, le apercibimos que el incumplimiento con las órdenes y requerimientos de este

Tribunal puede conllevar sanciones disciplinarias, que incluyen la separación inmediata e indefinida de la profesión legal.

Surge del expediente que la Secretaría de este Tribunal tuvo problemas para notificar la Resolución. No fue hasta el 27 de febrero de 2019 que un alguacil pudo comunicarse por vía telefónica con el licenciado Prieto González y le comunicó que tenía una Resolución que notificarle. El licenciado Prieto González le respondió al alguacil que se encontraba viviendo en el estado de la Florida. Tras consultar en Secretaría, el alguacil volvió a llamar al licenciado Prieto González y le dijo que debía llamar a la Secretaría de este Tribunal para actualizar su dirección. Posteriormente, el licenciado Prieto González llamó a la Secretaría y actualizó su dirección. El 4 de marzo de 2019, el licenciado Prieto González compareció ante este Tribunal. Indicó que su comparecencia era para cumplir con la Resolución que emitimos el 9 de enero de 2019. Acompañó evidencia de que cumplió con los créditos de Educación Jurídica Continua. Además, informó que se mudó a vivir a Florida e informó su nueva dirección. Finalmente, el 7 de marzo de 2019 se le notificó la Resolución de 20 de febrero de 2019. El periodo de veinte días concedidos culminó el 27 de marzo de 2019. Del expediente no surge que el licenciado Prieto González compareciera.

El 29 de marzo de 2019, la ODIN compareció ante este Tribunal. Indicó que previo a la notificación de la Resolución, la Sra. Sonia Prieto González, hermana del licenciado Prieto González, visitó a la Inspectora de Protocolos y Notaría que tenía a cargo el caso y le entregó $224 para abonar a la deuda

arancelaria de su hermano. La ODIN también expresó en su comparecencia que el licenciado Prieto González no se ha comunicado más con ellos ni ha subsanado las deficiencias a la obra notarial que le fueron señaladas. Por otro lado, el 8 de abril de 2019, la Secretaría de este Tribunal recibió devuelta la Resolución de 20 de febrero de 2019 que se hizo al licenciado Prieto González, vía correo certificado, a la dirección actualizada, ya que este no la reclamó.

Ante esto, le solicitamos al PEJC una certificación de cumplimiento con los requisitos de educación jurídica continua y, en efecto, el licenciado Prieto González cumplió con los requisitos para el periodo 2011-2013. Sin embargo, tiene una multa pendiente de $100. Debido a este cumplimiento parcial, emitimos otra Resolución el 16 de abril de 2019 en la que le concedimos al licenciado Prieto González un término final e improrrogable de quince días para que pague la multa en el PEJC y cumpla con la Resolución de 20 de febrero de 2019. Además, le volvimos a apercibir de que el incumplimiento con las órdenes y requerimientos de este Tribunal puede conllevar sanciones disciplinarias, que incluyen la separación inmediata e indefinida del ejercicio de la profesión legal. Pasado el término, el licenciado Prieto González no compareció.

## II

El Código de Ética Profesional establece cuáles son las normas básicas de conducta que deben exhibir los letrados en el desempeño de sus funciones. In re Rivera Sepúlveda, 192 DPR 985, 988 (2015). Específicamente, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, dispone que "[e]l abogado debe

observar para con los tribunales una conducta que se caracterice por el mayor respeto". En reiteradas ocasiones hemos resuelto que los abogados tienen el deber y la obligación de contestar, de manera oportuna y diligente, los requerimientos y órdenes de este Tribunal y sus dependencias, particularmente en procesos disciplinarios. In re Toro Soto, 181 DPR 654, 660 (2011). Véase también, In re Rivera Trani, 188 DPR 454, 460-461 (2013). Los requerimientos de la ODIN como los del PEJC son análogos a los que hace este Tribunal. In re Joubert Lugo, 2018 TSPR 198, pág. 2, 201 DPR___ (2018); In re Collado Santiago, 2018 TSPR 204, págs. 2-3, 201 DPR ___ (2018). Asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, y los requerimientos de nuestros funcionarios y organismos, denota una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9, supra. Véase, In re Colón Collazo, 196 DPR 239, 242 (2016). Cónsono con lo que hemos resuelto, reiteramos que "la dejadez es incompatible con el ejercicio de la abogacía". In re Rivera Trani, supra, pág. 461. Véase además, In re González Barreto, 169 DPR 772, 774 (2006). Por consiguiente, incumplir con el Canon 9, supra, es razón suficiente para separar a un abogado de la profesión. In re Toro Soto, supra, pág. 660. Véase además, In re Irizarry Irizarry, 190 DPR 368, 375 (2014).

## III

El licenciado Prieto González no cumplió con lo que le solicitamos en las Resoluciones de 20 de febrero de 2019 y de 16 de abril de 2019. En vista de lo anterior, nos vemos en la obligación de suspenderlo inmediata e indefinidamente

del ejercicio de la abogacía y de la notaría, debido a su incumplimiento con los requisitos del PEJC y la falta de atención a las órdenes del Tribunal, en relación con el Canon 9, supra.

A este se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, deberá acreditar a este Tribunal en el mismo término de treinta días, contados a partir de la notificación de esta Opinión *Per Curiam*, que pagó la multa de $100 del PEJC y que subsanó todas las deficiencias que la ODIN le señaló a su obra notarial. Se le apercibe que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia.

La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Prieto González mientras la fianza estuvo vigente. Si interesara presentar una solicitud de reinstalación, el señor Prieto González deberá incluir una certificación de la

ODIN que compruebe que subsanó todas las deficiencias que le fueren señaladas. Además, deberá incluir una certificación del PEJC que demuestre que pagó la multa correspondiente y que cumplió con los requisitos de educación jurídica continua mientras estuvo activo en la profesión.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Enrique J. Prieto González

                              TS-16,518




                         SENTENCIA

    En San Juan, Puerto Rico, a 17 de mayo de 2019.


    Por los fundamentos expuestos, en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría, debido a su incumplimiento con los requisitos del PEJC y la falta de atención a las órdenes del Tribunal, en relación con el Canon 9, supra.

    A este se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

    Asimismo, deberá acreditar a este Tribunal en el mismo término de treinta días, contados a partir de la notificación de esta Opinión y Sentencia, que pagó la multa de $100 del PEJC y que subsanó todas las deficiencias que la ODIN le señaló a su obra notarial.

    Se le apercibe que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Prieto González mientras la fianza estuvo vigente. Si interesara presentar una solicitud de reinstalación, el señor Prieto González deberá incluir una certificación de la ODIN que compruebe que subsanó todas las deficiencias que le fueren señaladas. Además, deberá incluir una certificación del PEJC que demuestre que pagó la multa correspondiente y que cumplió con los requisitos de educación jurídica continua mientras estuvo activo en la profesión.

    Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                José Ignacio Campos Pérez
                             Secretario del Tribunal Supremo