EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2019 TSPR 125 |
| Juan I. Arizmendi Rivera | 202 DPR _____ |

Número del Caso:  TS-5,579

Fecha:  14 de junio de 2019

Oficina de Inspección de Notarías:

> Lcdo. Manuel E. Ávila De Jesús
> Director

Conducta Profesional: La suspensión será efectiva el 2 de julio de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan I. Arizmendi Rivera
                              TS-5,579


PER CURIAM

En San Juan, Puerto Rico, a 14 de junio de 2019.

Una vez más nos vemos obligados a suspender a un letrado del ejercicio de la abogacía y de la notaría por incumplir con las órdenes de este Tribunal.

I

El Lcdo. Juan I. Arizmendi Rivera fue admitido al ejercicio de la abogacía el 31 de octubre de 1977 y al ejercicio de la notaría el 1 de diciembre de 1977. El 18 de marzo de 2014, se presentó una queja contra el licenciado Arizmendi Rivera, la cual se archivó el 14 de diciembre de 2018. Sin embargo, durante el proceso en que se estaba evaluando la queja, emitimos una

Resolución, el 24 de abril de 2018, en la que ordenamos incautar la obra protocolar del licenciado Arizmendi Rivera, ya que en su contestación al informe del Procurador General indicó que se encontraba en New Hampshire. En esa misma ocasión, ordenamos a la Oficina de Inspección de Notarías (ODIN) presentar un informe sobre el estado de la obra notarial del licenciado Arizmendi Rivera.

El 1 de agosto de 2018, la ODIN presentó su informe sobre la obra notarial. Del informe surge que se encontraron los siguientes errores: 1) Faltó la firma, signo, rúbrica y sello notarial en notas de apertura del tomo del año 2016; 2) faltó la rúbrica en un instrumento público, y 3) faltó nota de contrarreferencia en instrumento público. Ante esto, la ODIN recomendó que le concediéramos cuarenta y cinco días para que el licenciado Arizmendi Rivera subsanara esos errores. El 3 de agosto de 2018, emitimos una Resolución en la que acogimos esa recomendación. La ODIN presentó ante este foro una moción el 18 de septiembre de 2018, en la que nos informó que el licenciado Arizmendi Rivera subsanó los señalamientos de error.

De esta forma, el 10 de octubre de 2018, emitimos una Resolución en la que le concedimos diez días al licenciado Arizmendi Rivera para que presentara el contrato de fianza notarial vigente. El licenciado Arizmendi no cumplió con lo solicitado. Ante esto, en la misma Resolución del 14 de diciembre de 2018, en la que le archivamos la queja, le concedimos al licenciado Arizmendi Rivera un término de

veinte días para que cumpliera con presentar el contrato de fianza notarial vigente o que solicitara el cese voluntario de la notaría. Asimismo, le advertimos que el incumplimiento con lo solicitado podría dar lugar a sanciones, que pueden incluir la suspensión del ejercicio de la abogacía y la notaría. Pasado el término, el licenciado Arizmendi Rivera no compareció ni presentó, en la alternativa, una solicitud para cesar la notaría.

II

El Código de Ética Profesional establece cuáles son las normas básicas de conducta que deben exhibir los letrados en el desempeño de sus funciones. In re Rivera Sepúlveda, 192 DPR 985, 988 (2015). Específicamente, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". En reiteradas ocasiones hemos resuelto que los abogados tienen el deber y la obligación de contestar, de manera oportuna y diligente, los requerimientos y órdenes de este Tribunal y sus dependencias, particularmente en procesos disciplinarios. In re Toro Soto, 181 DPR 654, 660 (2011). Véase también, In re Rivera Trani, 188 DPR 454, 460-461 (2013). Asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, y los requerimientos de nuestros funcionarios y organismos, denota una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9, supra. Véase, In re Colón Collazo, 196 DPR 239, 242 (2016). Cónsono con lo que hemos resuelto,

reiteramos que "la dejadez es incompatible con el ejercicio de la abogacía". In re Rivera Trani, supra, pág. 461. Véase además, In re González Barreto, 169 DPR 772, 774 (2006). Por consiguiente, incumplir con el Canon 9, supra, es razón suficiente para separar a un abogado de la profesión. In re Toro Soto, supra, pág. 660. Véase además, In re Irizarry Irizarry, 190 DPR 368, 375 (2014).

III

El licenciado Arizmendi Rivera no cumplió con lo que le solicitamos en las Resoluciones de 10 de octubre de 2018 y de 14 de diciembre de 2018. En vista de lo anterior, nos vemos en la obligación de suspenderlo inmediata e indefinidamente del ejercicio de la abogacía y de la notaría, debido a su incumplimiento y falta de atención con las órdenes del Tribunal, según requiere el Canon 9 de Ética Profesional, supra.

A este se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de

su terminación en cuanto a los actos realizados por el notario Arizmendi Rivera mientras la fianza estuvo vigente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan I. Arizmendi Rivera
                                    TS-5,579


SENTENCIA

En San Juan, Puerto Rico, a 14 de junio de 2019.

Por los fundamentos expuestos, en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al licenciado Arizmendi Rivera, debido a su incumplimiento y falta de atención con las órdenes del Tribunal, según requiere el Canon 9 de Ética Profesional, <u>supra</u>.

A este se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por

tres años después de su terminación en cuanto a los actos realizados por el notario Arizmendi Rivera mientras la fianza estuvo vigente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez hubiese concedido al licenciado Arizmendi Rivera un término final e improrrogable de 10 días para presentar un contrato de fianza notarial vigente.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo