EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> José Candelario Lajara <br><br> | 2017 TSPR 48 <br><br> 197 DPR ____ |

Número del Caso: TS-6859

Fecha: 31 de marzo de 2017

Abogado de la Promovente:

      Por derecho propio

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Avila de Jesús
      Director

Materia: Conducta Profesional – La suspensión será efectiva el 5 de abril de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                                   Conducta
                                                   Profesional

José Candelario Lajara

                              TS-6859

PER CURIAM

En San Juan, Puerto Rico, a 31 de marzo de 2017.

Una vez más nos vemos obligados a suspender a un letrado del ejercicio de la abogacía y la notaría por incumplir con nuestras órdenes.

I

El Lcdo. José Candelario Lajara fue admitido al ejercicio de la abogacía el 18 de noviembre de 1980. En iguales términos, el 2 de octubre de 1981 prestó juramento para ejercer el notariado. El 29 de agosto de 2014, el Director de la Oficina de Inspección de Notarias (ODIN) presentó un *Informe de Deficiencias en la Notaría del Lcdo. José Alberto Candelario*

*Lajara, Notario Número 6859, a tenor con la Regla 77k del*
*Reglamento Notarial.*

El 15 de noviembre de 2012, la Oficina de Inspección de Notarías (ODIN) comenzó el proceso de inspección de la obra notarial del licenciado Candelario Lajara correspondiente a los años 2006-2012. Ese proceso culminó con el señalamiento de múltiples deficiencias sustantivas y arancelarias en los protocolos correspondientes a 2007, 2008, 2009, 2011 y 2012 y tres tomos del Libro de Registro de Testimonios. Surge de la comparecencia del Director de la ODIN que luego de varios trámites procesales, el letrado solo subsanó las deficiencias en los protocolos de 2007-2009. Por consiguiente, aún persisten deficiencias sustantivas y arancelarias en los protocolos de 2011 y 2012, así como en los tomos Tercero, Cuarto y Quinto del Libro de Registro de Testimonios.

El Director de la ODIN envió varias cartas en las que notificó al notario Candelario Lajara la existencia de múltiples deficiencias en su obra protocolar y le confirió un término para expresar sus comentarios sobre el informe enviado, así como para notificar gestiones encaminadas a atender las deficiencias señaladas. Transcurrido el término conferido, la ODIN le otorgó al letrado un término final e improrrogable de cinco días calendario a partir del recibo de la comunicación para que se expresara. Además, apercibió al licenciado Candelario Lajara que si no cumplía con lo ordenado, se

referiría el asunto a este Tribunal. El término venció y el notario no compareció ante la ODIN. Cuatro días más tarde, el licenciado Candelario Lajara remitió una carta a la ODIN en la cual informó que no subsanó en su totalidad las deficiencias notificadas de su obra protocolar debido a que, entre otras cosas, su esposa estuvo delicada de salud. Además, informó que subsanaría dentro de 60 días las deficiencias notificadas.

Finalmente, el Director de la ODIN refirió este asunto a nuestra consideración. Este señaló que el licenciado Candelario Lajara no subsanó la obra protocolar correspondiente a 2011 y 2012, y que tampoco corrigió las deficiencias en los tomos Tercero, Cuarto y Quinto de su Libro de Testimonios. Además, informó que el notario acumuló una deficiencia arancelaria global de $10,194.

El 8 de junio de 2016, el Director de la ODIN presentó un *Informe Actualizado sobre Deficiencias en la Notaría del Lcdo. José Alberto Candelario Lajara, Notario Número 6859, a tenor con la Regla 77 (k) del Reglamento Notarial*. En este hizo constar que el 3 de mayo de 2016 se pudieron aprobar los protocolos correspondientes a los años 2007 y 2009. Asimismo, nos informó que el 7 de junio de 2016 se aprobó el protocolo de 2008 con deficiencia, por lo que solo quedó pendiente la subsanación de las deficiencias contenidas en los protocolos de 2011 y 2012, así como de tres tomos del Registro de Testimonios.

El 16 de diciembre de 2016 emitimos una Resolución en la que le ordenamos al licenciado Candelario Lajara subsanar las deficiencias señaladas por la ODIN dentro de un término de treinta días, así como la insuficiencia arancelaria de $10,194. Además, le exigimos al letrado que dentro del mismo término mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía y la notaría por su reiterado incumplimiento con los requerimientos de la ODIN y que expusiera las razones por las cuales no debíamos imponerle una multa de $500 al amparo del Art. 62 de la Ley Notarial, 4 LPRA sec. 2102. Esta Resolución fue entregada al licenciado Candelario Lajara, según surge del acuse de recibo con fecha de 21 de diciembre de 2016.

El 25 de enero de 2017, el Director de la ODIN nos informó que el licenciado Candelario Lajara no cumplió con nuestra orden.

II

El Código de Ética Profesional particulariza cuáles son las normas mínimas de conducta que deben exhibir los letrados en el desempeño de sus funciones. In re Rivera Sepúlveda, 192 DPR 985, 988 (2015). En específico, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, C.9, dispone, en lo pertinente, que: "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Igualmente, hemos expresado que como funcionarios de este Tribunal, los

profesionales del Derecho tienen un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes, en particular cuando se trata de procedimientos relativos a su conducta profesional. In re Rivera Sepúlveda, supra. Así, asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, las de nuestros funcionarios y organismos denota una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9. Véase In re Colón Collazo, Op. de 15 de agosto de 2016, 2016 TSPR 184, pág. 5, 196 DPR ___ (2016). Véase, además, In re Rodríguez Zayas, 194 DPR 337, 341-42 (2015). Por ello, "si luego de proveerle un término al abogado para que muestre causa por la cual no debe ser suspendido de la profesión, éste incumple con nuestro mandato, procede que el abogado sea sancionado con la suspensión indefinida del ejercicio de la abogacía y la notaría". In re Piñeiro Vega, 188 DPR 77, 90 (2013), citando a In re Grau Collazo, 185 DPR 938 (2012).

Asimismo, hemos dispuesto que los notarios están obligados a responder diligentemente los requerimientos de la ODIN. In re García Aguirre, 190 DPR 539, 545 (2014); In re Da Silva Arocho, 189 DPR 888, 893 (2013); In re Arroyo Rivera, 182 DPR 732, 735-736 (2011). Este Tribunal ha reiterado que "[n]ingún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contactará para verificar si se corrigen adecuadamente los señalamientos que dicha oficina efectúe, máxime

cuando la imagen de la profesión y la suya propia está en tela de juicio". In re Román Jiménez, 161 DPR 727, 733 (2004). Tratar con ligereza o laxitud los señalamientos de la ODIN también configura una violación del Canon 9, supra. In re Lebrón Arroyo, 194 DPR 932, 934-35 (2016). Por esa razón, cuando un abogado incumple con nuestros requerimientos —o aquellos emitidos por la ODIN— e ignora el apercibimiento de sanciones disciplinarias, hemos sido consecuentes en suspenderlo indefinidamente de la práctica legal. In re Marqués Latorre, 186 DPR 412 (2012); In re Rojas Rojas, 185 DPR 405, 407 (2012).

## III

En esta ocasión, nos enfrentamos al caso de un abogado que no ha atendido los requerimientos de este Tribunal. Le ordenamos que subsanara las deficiencias señaladas por la ODIN y mostrara causa por la cual no debía disciplinársele, así como por qué no debíamos imponerle una multa de $500 al amparo de la Ley Notarial, supra. Sin embargo, a pesar de habérselo notificado personalmente, desacató nuestras órdenes.

Su conducta indiferente ante los requerimientos de este Tribunal constituye una falta de respeto a esta Curia que violenta el Canon 9, supra. Asimismo, su actitud de dejadez es prueba de que ya no desea continuar en el ejercicio de la abogacía y la notaría. Ahora, el letrado deberá subsanar, desde el desaforo, **todas** las

deficiencias en su obra notarial según fueron señaladas por la ODIN.

IV

Por todo lo antes expuesto, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del licenciado Candelario Lajara. Además, se le impone una sanción económica de $500 por violar las disposiciones del Art. 62 de la Ley Notarial, supra, a ser satisfecha en sellos de rentas internas en la Secretaría de este Tribunal dentro del término improrrogable de veinte días. Se le ordena al señor Candelario Lajara que, dentro de un término improrrogable de treinta días, subsane con su propio peculio **todas** las deficiencias en su obra protocolar, incluida la deuda arancelaria. Deberá acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta días, a partir de la notificación de esta opinión *Per Curiam* y Sentencia. Se le apercibe que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. Al momento de presentar una solicitud de reinstalación, el señor Candelario Lajara deberá presentar una certificación de la ODIN que demuestre que su obra notarial se encuentra libre de deficiencias.

Le ordenamos al señor Candelario Lajara notificar a sus clientes de su inhabilidad para seguir representándolos y devolverles cualesquiera honorarios

recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Además, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Candelario Lajara y entregarlos al Director de la ODIN para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Candelario Lajara a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese copia de esta Opinión *Per Curiam* y Sentencia al Secretario de Justicia para que tome la acción que estime pertinente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José Candelario Lajara

Conducta
Profesional

TS-6859

SENTENCIA

En San Juan, Puerto Rico, a 31 de marzo de 2017.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del licenciado Candelario Lajara. Además, se le impone una sanción económica de $500 por violar las disposiciones del Art. 62 de la Ley Notarial, supra, a ser satisfecha en sellos de rentas internas en la Secretaría de este Tribunal dentro del término improrrogable de veinte días. Se le ordena al señor Candelario Lajara que, dentro de un término improrrogable de treinta días, subsane con su propio peculio **todas** las deficiencias en su obra protocolar, incluida la deuda arancelaria. Deberá acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta días, a partir de la notificación de esta opinión *Per Curiam* y Sentencia. Se le apercibe que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. Al momento de presentar una solicitud de reinstalación, el señor Candelario Lajara deberá presentar una

certificación de la ODIN que demuestre que su obra notarial se encuentra libre de deficiencias.

Le ordenamos al señor Candelario Lajara notificar a sus clientes de su inhabilidad para seguir representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Además, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Candelario Lajara y entregarlos al Director de la ODIN para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Candelario Lajara a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese copia de esta Opinión *Per Curiam* y Sentencia al Secretario de Justicia para que tome la acción que estime pertinente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                        Juan Ernesto Dávila Rivera
                      Secretario del Tribunal Supremo