EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Carmen T. Agudo Loubriel | 2018 TSPR 162  201 DPR ____ |
|---|---|

Número del Caso:  TS-5311


Fecha: 14 de septiembre de 2018


Abogado de la promovida

        Por derecho propio.


Oficina de Inspección de Notarías

        Lcdo. Manuel Ávila De Jesús
        Director



Materia:  La suspensión será efectiva el 26 de septiembre de 2018, fecha en que se le notificó por al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carmen T. Agudo Loubriel          TS-5311          Conducta
                                                   Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 14 de septiembre de 2018.

La Lcda. Carmen T. Agudo Loubriel (licenciada Agudo) fue admitida al ejercicio de la abogacía el 29 de diciembre de 1976 y a la práctica de la notaría el 17 de enero de 1977. El 19 de mayo de 2017 emitimos una Resolución mediante la cual archivamos la queja AB-2015-331, censuramos enérgicamente a la licenciada Agudo y le apercibimos que si en el futuro no atendía con premura las órdenes de este Tribunal se expondría a sanciones disciplinarias más severas. Como parte de dicho procedimiento disciplinario se le ordenó al Alguacil de este Tribunal la incautación de la obra y el sello notarial de la licenciada Agudo. Luego de la correspondiente investigación, el 5 de septiembre

de 2017, el Lcdo. Manuel E. Ávila de Jesús, Director de la Oficina de Inspección de Notarías (ODIN), sometió el *Informe sobre el Estado de la Obra Notarial Incautada y Solicitud de Orden*. Indicó que la obra notarial de la letrada se encontraba aprobada hasta el año 2010. No obstante, sostuvo que aquella correspondiente a los años subsiguientes adolecía de un sinnúmero de faltas entre las que se encontraban: deficiencias arancelarias que preliminarmente ascendían a aproximadamente $19,000; falta de encuadernación de protocolos; falta de firma, signo, sello y rúbrica de la notaria; falta de iniciales y firma de los comparecientes, y ausencia de instrumentos públicos o folios de los instrumentos. También informó que la licenciada Agudo estaba desprovista de una fianza notarial desde el año 2011 y que adeudaba varios índices de actividad notarial. A raíz de lo anterior, solicitó la suspensión de la letrada del ejercicio de la notaría y que se le otorgara un término para que acreditara el pago de la fianza, presentara los índices de actividad notarial adeudados y subsanara las deficiencias identificadas en su obra.

Examinado el informe del Director de la ODIN, el 12 de octubre de 2017 emitimos una Resolución por medio de la cual le concedimos a la licenciada Agudo un término de treinta (30) días para que mostrara causa por la cual no debía ser suspendida de la práctica de la notaría.[1] Durante ese mismo periodo, la togada debía subsanar las

---

[1]    La Resolución fue notificada el 4 de diciembre de 2017.

faltas señaladas en su obra notarial, poner al día la fianza notarial y entregar los índices notariales adeudados.

Transcurridos en exceso de los treinta (30) días sin que la letrada compareciera ante nos, el 26 de enero de 2018 el Director de la ODIN nos presentó una *Moción Notificando Cumplimiento Parcial de Orden y en Solicitud de Término Final*. Acompañó su escrito con un *Informe de Seguimiento de la Lcda. Carmen T. Agudo Loubriel-Notario Número 5311* preparado por la Lcda. Enid Almenas Serrano, Inspectora de Protocolos a cargo de la obra notarial de la letrada. Del informe se desprende que, a pesar de que la licenciada Agudo se reunió en tres (3) ocasiones con la inspectora y le hizo entrega de $1,351.00 en sellos de rentas internas e impuesto notarial, todavía adeudaba $19,376.00 en aranceles, no había acreditado el pago de la fianza notarial para los años 2011 al 2017 y no había hecho entrega de varios instrumentos públicos que debía, entre otras cosas. Informó, además, que tenían una reunión pautada para el 15 de febrero de 2018 para continuar con el proceso de subsanación de la obra protocolar.

Como resultado de lo anterior, el 6 de febrero de 2018 emitimos una Resolución mediante la cual le ordenamos al alguacil de este Tribunal la incautación de los protocolos e instrumentos públicos otorgados por la licenciada Agudo que restaban por entregar. Además, se le concedieron treinta (30) días a la togada para que mostrara causa por

la cual no debía ser suspendida del ejercicio de la notaría y para que pusiera al día la fianza notarial. De otra parte, le ordenamos a la ODIN que nos informara la etapa en que se encontraba el proceso de subsanación luego de la reunión que estaba programada para el 15 de febrero de 2018. Por último, apercibimos a la togada que su incumplimiento con lo anterior podría conllevar su separación de la práctica de la abogacía.

Así las cosas, el 18 de febrero de 2018 la ODIN compareció ante nos para informarnos que la licenciada Agudo no asistió a la reunión. De la moción surge que la letrada llamó en horas de la tarde del mismo 15 de febrero para anunciar que no podría presentarse puesto que se encontraba mudando su sede notarial a su residencia. En una nota al calce la ODIN aclaró que del expediente de la notaria no surgía ninguna solicitud de mudanza y que, de hecho, según el Registro Único de Abogados y Abogadas de Puerto Rico desde el año 2007 la sede notarial de la licenciada Agudo se encontraba sita en su residencia.

Evaluada la moción sometida por la ODIN, el 27 de abril de 2018 le concedimos a la notaria un término final e improrrogable de diez (10) días para que mostrara causa por la cual no debía ser suspendida de la abogacía y ser referida al Tribunal de Primera Instancia para el inicio de un procedimiento de desacato por su incumplimiento con nuestra Resolución de 6 de febrero de 2018.[2] El 9 de mayo

---

[2]    La Resolución le fue notificada personalmente a la licenciada Agudo el 7 de mayo de 2018.

de 2018 la licenciada Agudo compareció ante nos. Solicitó que le concediéramos un tiempo adicional para contestar todos nuestros requerimientos y suplicó que no se le suspendiera de la profesión legal con el fin de poder continuar el proceso de subsanación de su obra notarial.

El 18 de mayo de 2018 la ODIN presentó una *Moción Notificando Incumplimiento de Orden*. Sostuvo que la licenciada Agudo ha incumplido reiteradamente con el proceso de subsanación de su obra protocolar y que ha hecho caso omiso a nuestras órdenes y a los requerimientos de dicho ente. La ODIN aprovechó su comparecencia para aclarar que todavía subsistían múltiples deficiencias en la obra notarial y que, además, la letrada no había: (1) producido los instrumentos públicos y los protocolos que no pudieron ser incautados; (2) provisto evidencia acreditativa del pago de la fianza notarial para los años 2011 al 2017; (3) encuadernado los protocolos de los años 2011 al 2017, y (4) atendido la deficiencia arancelaria que se estimaba en $19,376.00.

A pesar de las oportunidades anteriormente brindadas, el 23 de mayo de 2018 le otorgamos a la licenciada Agudo un término final e improrrogable de sesenta (60) días para que subsanara todas las faltas señaladas en su obra notarial, incluyendo someter la evidencia acreditativa del pago de la fianza notarial y la entrega de los índices notariales adeudados. Además, apercibimos a la letrada que no se le concederían prórrogas adicionales y que su incumplimiento podría conllevar su suspensión inmediata e

indefinida de la profesión legal. La Resolución se le notificó personalmente a la togada el 30 de mayo de 2018.

Vencido dicho plazo sin tener noticias de la licenciada Agudo, el 3 de agosto de 2018 la ODIN presentó una *Moción Notificando Incumplimiento de Orden y en Solicitud de Remedios*. Informó que, pese a los múltiples términos conferidos a la notaria, ésta solo había hecho entrega de aranceles por la cantidad de $2,985.00. No obstante, "**[e]l resto de los señalamientos hechos en su obra protocolar, particularmente el extravío de instrumentos públicos, la encuadernación de su obra protocolar, y el proveer evidencia acreditativa del pago de su Fianza Notarial, entre otros, permanecen en similar estado […]**". (Énfasis en el original). Por consiguiente, solicitó la suspensión inmediata e indefinida del ejercicio de la notaría y que evaluáramos la imposición de otra medida disciplinaria, como la suspensión de la práctica de la abogacía. Solicitó, además, que le otorgáramos a la letrada un término final e improrrogable de sesenta (60) días para que complete el proceso de subsanación, entregue los instrumentos públicos y los protocolos que restan, encamine el proceso de encuadernación, satisfaga la deficiencia arancelaria que resta la cual asciende a $16,391.00 y acredite el pago de la fianza notarial. Por último, suplicó que apercibamos a la licenciada Agudo que su incumplimiento con lo antes esbozado conllevará que refiramos al Tribunal de Primera Instancia su inobservancia con las órdenes de este

Tribunal para la celebración del correspondiente proceso de desacato.

## I

La conducta de los abogados para con los tribunales debe caracterizarse por ser, ante todo, respetuosa. Canon 9 del Código de Ética Profesional, 9 LPRA Ap. IX (2012). Ello comprende la obligación de cumplir pronta y diligentemente con las órdenes emitidas dentro de un procedimiento judicial, así como disciplinario. *In re Candelario Lajara I*, 197 DPR 722 (2017). De igual modo, hemos reiterado que los requerimientos que realiza la ODIN son análogos a las órdenes emitidas por este Tribunal, por lo que deben ser atendidos con la misma premura y diligencia. *In re Arocho Cruz*, 2018 TSPR 97, 200 DPR ___ (2018).

"Asumir una actitud de menosprecio e indiferencia a nuestras órdenes y los requerimientos de nuestros funcionarios y organismos denota una falta de respeto hacia nuestra autoridad y constituye una violación al Canon 9." *In re Cesani Rodríguez*, 2018 TSPR 93, 200 DPR ___ (2018). Véase, además, *In re Candelario Lajara I*, *supra*. Es por ello que procede la suspensión inmediata e indefinida de la profesión legal de todo abogado que opta por ignorar nuestras órdenes y muestra una actitud de displicencia ante nuestros apercibimientos de sanciones disciplinarias. *In re Cotto Ramos*, 2018 TSPR 121, 200 DPR ___ (2018); *In re Canales Pacheco*, 2018 TSPR 100, 200 DPR ___ (2018); *In re Candelario Lajara I*, *supra*.

## II

De lo antes relatado se desprende que la licenciada Agudo se ha mostrado indiferente ante nuestras órdenes y los requerimientos de la ODIN relativas a la subsanación de las serias deficiencias identificadas en su obra notarial, así como en torno a la presentación de evidencia acreditativa del pago de la fianza notarial y de los índices notariales adeudados. Es menester mencionar que la letrada asumió dicha actitud pasiva a pesar de que se le concedieron múltiples oportunidades y se le apercibió que su incumplimiento con nuestras órdenes podría conllevar la imposición de sanciones disciplinarias severas que incluían su separación del ejercicio de la profesión legal.

En vista de lo anterior, decretamos la suspensión inmediata e indefinida de la licenciada Agudo del ejercicio de la abogacía y notaría. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no

se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Por otro lado, se le advierte a la señora Agudo que no estaremos considerando una solicitud de reinstalación al ejercicio de la abogacía hasta tanto nos certifique que ha subsanado las deficiencias que continúan pendientes en su obra notarial. En cuanto al asunto relativo a la deuda arancelaria, se refiere el mismo al Departamento de Justicia para la acción correspondiente.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra que aún permanece en poder de la señora Agudo y entregarla al Director de la ODIN para el correspondiente examen e informe.

Por último, se ordena el archivo administrativo de las Quejas Núm. AB-2018-77 y Núm. AB-2018-202, hasta tanto dispongamos otra cosa.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la señora Agudo a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Carmen T. Agudo Loubriel                    TS-5311        Conducta
                                                          Profesional


SENTENCIA

En San Juan, Puerto Rico a 14 de septiembre de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Carmen T. Agudo Loubriel del ejercicio de la abogacía y la notaría.

Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de la Opinión Per Curiam que antecede y de esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Por otro lado, se le advierte a la señora Agudo que no estaremos considerando una solicitud de reinstalación al ejercicio de la abogacía hasta tanto nos certifique que ha subsanado las deficiencias que

continúan pendientes en su obra notarial. En cuanto al asunto relativo a la deuda arancelaria, se refiere el mismo al Departamento de Justicia para la acción correspondiente.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra que aún permanece en poder de la señora Agudo y entregarla al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe.

Por último, se ordena el archivo administrativo de las Quejas Núm. AB-2018-77 y Núm. AB-2018-202, hasta tanto dispongamos otra cosa.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia a la señora Agudo a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                                    Juan Ernesto Dávila Rivera
                                 Secretario del Tribunal Supremo