EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Ex parte: | |
|---|---|
| | 2018 TSPR 208 |
| Juan L. Duquela Fuentes | 201 DPR ____ |

Número del Caso: TS-14,124

Fecha: 21 de diciembre de 2018

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila de Jesús
    Director

Materia: Conducta Profesional – La suspensión de la notaría será efectiva el 27 de diciembre de 2018 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

                                        TS-14,124

Juan L. Duquela Fuentes

**PER CURIAM**

En San Juan, Puerto Rico, a 21 de diciembre de 2018.

Ejercemos nuestro poder disciplinario para decretar la separación del Lcdo. Juan L. Duquela Fuentes de la práctica de la notaría por desobedecer los requerimientos de la Oficina de Inspección de Notarías (ODIN).

Expondremos el marco fáctico que conllevó este proceder.

**I**

Los hechos que dieron lugar a nuestra decisión remontan al 25 de agosto de 2016, cuando el licenciado Duquela Fuentes envió al Lcdo. Manuel E. Ávila De Jesús, Director de ODIN, un correo electrónico mediante el cual solicitó que se

autorizara el traslado de su obra notarial a su residencia.[1] Asimismo, dado a que no iba a poder entregarla según se le solicitó, pidió que pautara una nueva fecha de entrega. Ese mismo día, el licenciado Ávila De Jesús accedió a modificar la dirección de la obra, en cambio, denegó posponer su entrega.

Una vez ODIN tomó posesión de los documentos ⸺con excepción del Libro de Registro de Testimonios⸺ el 12 de febrero de 2018 la Inspectora de Notarías rindió un informe en el que consignó las deficiencias que la obra protocolar contenía y trajo a la atención la incomparecencia del letrado a la cita de reinspección. Al día siguiente, el Director de ODIN notificó el informe al licenciado Duquela Fuentes y le concedió un término de quince días para que levantara las objeciones que tuviera del mismo, explicara el motivo de su ausencia a la reunión de reinspección y acreditara la cancelación de la deficiencia arancelaria.[2]

Consecuentemente, el 28 de febrero de 2018 el letrado cursó al licenciado Ávila De Jesús una comunicación. Explicó que no asistió a la reunión pautada puesto que no

---

[1] El 17 de enero de 2003 el licenciado Duquela Fuentes fue admitido a la práctica notarial.

[2] En la notificación, el Director de ODIN manifestó que "subsisten deficiencias de naturaleza arancelaria en la obra protocolar por usted autorizada para los años naturales 2003 al 2015 y 2017, la cual asciende preliminarmente a la cantidad de $ 9,279.00. De igual manera usted no ha hecho entrega de su Libro de Registro de Testimonios, en el cual no se han registrado aproximadamente de [sic] 643 Asientos, lo cual representa una deficiencia arancelaria en este renglón de $ 2,460. Así también, usted no ha encuadernado su obra protocolar antes relacionada; no ha hecho entrega del tomo de Protocolo correspondiente para el año natural 2016, ni ha excusado su incomparecencia a la reunión de reinspección final que debió celebrarse el pasado 2 de febrero de 2018".

la anotó en su agenda. En lo concerniente a los aranceles, indicó que subsanó las deficiencias del Libro de Registro de Testimonios y que estaba en proceso de hacerlo con la obra notarial.

Así las cosas, el 25 de abril de 2018 el Director de ODIN remitió al letrado otra comunicación donde apuntó que éste se comprometió a reunirse en o antes del 20 de marzo de 2018 a fin de concretar un plan de trabajo para finiquitar los asuntos pendientes ante ODIN. Expuso que, sin embargo, ello no sucedió. Por consiguiente, le concedió hasta el 18 de mayo de 2018 para hacer lo propio. Además, apercibió que de no realizarlo sometería un informe ante este Tribunal. Advirtió que **ignorar los requerimientos de ODIN constituía una falta ética que podía conllevar la imposición de sanciones disciplinarias**.

El 18 de mayo de 2018 el letrado contestó. Expuso el plan que sugirió como parte de una conversación con la Inspectora de Notarías. Explicó que acordaron una reunión para abril, pero que por un asunto de salud no pudo asistir. Comunicó que propuso otra fecha para celebrar la reunión, pero que no obtuvo respuesta. Expresó su interés y disposición en resolver los asuntos pendientes y adujo que diversas situaciones le habían imposibilitado hacerlo con rapidez. Por último, peticionó que se le brindara una última oportunidad para reestablecer un plan de trabajo con el objetivo de actualizar la obra notarial.

El 21 de mayo de 2018 el licenciado Ávila De Jesús, tras exponer que los asuntos personales no constituyen justa causa para incumplir los requerimientos de ODIN, le concedió hasta el 2 de julio de 2018 para atender todos los señalamientos informados. También, advirtió que, de incumplir con el término, presentaría a esta Curia un informe especial.

El 2 de julio de 2018 el licenciado Duquela Fuentes remitió al Director de ODIN una misiva. Manifestó que estaba próximo a completar el Registro de Testimonios y que había adquirido todos los sellos. Respecto a la deuda arancelaria, informó que estaba trabajando arduamente para cubrirla y comprar los sellos necesarios. Solicitó que se le diera hasta el 6 de julio de 2018 para entregar el Registro de Testimonio y se le concediera un término para presentar un plan de trabajo para atender los señalamientos restantes. Sin embargo, ese mismo día, el Director de ODIN denegó la prórroga solicitada.

Luego, el 26 de noviembre de 2018 el licenciado Ávila De Jesús nos sometió su *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y recomendando suspensión del ejercicio de la notaría.* Aseveró que a esa fecha el licenciado Duquela Fuentes no había comparecido a ODIN, ni entablado comunicación con algún oficial con el objetivo de completar el proceso de subsanación de su obra protocolar, la cual permanecía en el mismo estado. Recomendó que decretáramos la suspensión

inmediata e indefinida del ejercicio de la notaría, ordenáramos que se incautara el Libro de Registro de Testimonios y sello notarial y ordenáramos al letrado a completar el proceso de subsanación de su obra protocolar en un término de sesenta días.[3]

A la luz de estos hechos consignaremos el derecho que aplica.

## II

Este Tribunal, como parte del poder inherente para regular la profesión de la abogacía en Puerto Rico, tiene la encomienda de asegurarse que los componentes de ésta desempeñen sus funciones de forma responsable, competente y diligente.[4] A través del Código de Ética Profesional erigimos las normas de conducta mínimas que los abogados y las abogadas que ejercen la ilustre profesión deben desplegar.[5]

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, es una de las disposiciones de mayor envergadura ya que establece que los letrados deben conducirse con el mayor respeto hacia los tribunales de justicia del país.[6] En lo atinente, preceptúa que todo "abogado debe observar para

---

[3] El licenciado Ávila De Jesús sintetizó que las deficiencias que se han de subsanar consisten en lo siguiente: (1) cancelación de deficiencias arancelarias; (2) corrección de deficiencias sustantivas; (3) encuadernación de la obra; y (4) acreditar a ODIN el pago de la fianza notarial.

[4] *In re Oyola Torres*, 194 DPR 437 (2016); *In re Vera Vélez*, 192 DPR 216, 226 (2015).

[5] *In re Guemárez Santiago*, 191 DPR 611, 617-618 (2014); *In re Falcón López*, 189 DPR 689 (2013).

[6] *In re López Santiago*, 199 DPR 797, 808 (2018); *In re Vélez Rivera*, 199 DPR 587, 591-592 (2018).

con los tribunales una conducta que se caracterice por el mayor respeto".[7]

Al aplicar esta norma hemos pronunciado que la naturaleza de la función legal requiere que se emplee estricta atención y obediencia a las órdenes de este Tribunal, o de cualquier foro judicial que los letrados se encuentren obligados a comparecer.[8] Dicho de otro modo, los miembros de la clase togada tienen un deber ineludible de respetar, acatar y responder de forma diligente nuestras órdenes. Esto, particularmente, exige mayor observancia cuando se trata de asuntos relacionados con su conducta profesional.[9]

La inobservancia de un miembro de la profesión legal con las órdenes de este Tribunal evidencia un claro menosprecio hacia nuestra autoridad.[10] Es por ello que su desatención con las órdenes judiciales no se toma de manera liviana, puesto que constituye un serio agravio a la autoridad de los tribunales.[11] Por tal razón, hemos pautado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias es causa suficiente para la suspensión inmediata e indefinida de la práctica de la abogacía.[12]

---

[7] 4 LPRA Ap. IX.
[8] *In re García Ortiz*, 187 DPR 507, 524 (2012).
[9] *In re López Santiago*, supra; *In re Rivera Sepúlveda*, 192 DPR 985, 988 (2015); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).
[10] *In re Irizarry Irizarry*, supra, pág. 374; *In re De León Rodríguez,* 190 DPR 378, 390-391 (2014).
[11] *In re Pratts Barbarossa*, 199 DPR 594 (2018); *In re Planas Merced*, 195 DPR 73, 77 (2016).
[12] *In re Figueroa Cortés*, 196 DPR 1, 3 (2016); *In re López González,* 193 DPR 1021 (2015); *In re Irizarry Irizarry*, supra; *In re Vera Vélez,*

Asimismo, ignorar los requerimientos de aquellos entes a los cuales le hemos delegado alguna función en las tareas de regular el ejercicio de la profesión, entre ellas ODIN, conlleva idéntica sanción.[13] Dicho esto, en la función notarial, los letrados están obligados a responder diligentemente los requerimientos de ODIN y subsanar con premura todas las faltas señaladas.[14] Consecuentemente, "tratar con ligereza o laxitud los señalamientos de la ODIN también configura una violación del Canon 9".[15]

Plasmado el Derecho que aplica a los hechos, estamos en posición de resolver.

### III

Como bien pudimos observar, el Director de ODIN concedió al licenciado Duquela Fuentes **tres** oportunidades para que éste subsanara las deficiencias que su obra notarial contenía. A tales fines, notificó los requerimientos debidos y advirtió al licenciado Duquela Fuentes que ignorar sus pedidos implicaba una violación a los preceptos éticos. Meses más tardes, el letrado no ha subsanado las faltas de su obra notarial, ni se ha comunicado con ODIN para ello. Incluso, en su última comunicación, el 2 de julio de 2018, el licenciado Duquela Fuentes manifestó que ya se encontraba culminando los

---

supra, pág. 227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).
[13] *In re Abendaño Ezquerro*, 198 DPR 677, 682 (2017).
[14] *In re Candelario Lajara*, 197 DPR 722, 727 (2017); *In re Amiama Laguardia*, 196 DPR 844, 847 (2016).
[15] *In re Amiama Laguardia*, supra, pág. 848; *In re Candelario Lajara*, supra; pág. 727.

defectos del Registro de Testimonios y que lo entregaría próximamente. Ello, según aduce el licenciado Ávila De Jesús, no ocurrió. Esta conducta denota indiferencia hacia la autoridad de ODIN, ente al cual delegamos la función de observar el resguardo de la fe pública notarial. Su proceder constituye, además, una violación al Canon 9, por tanto, debe ser suspendido de la práctica notarial.

## IV

Por los fundamentos dispuestos, suspendemos inmediata e indefinidamente al licenciado Duquela Fuentes de la práctica notarial. Por consiguiente, su fianza notarial queda automáticamente cancelada. La fianza notarial se considerará buena y válida por tres años después de su terminación en cuanto a los actos ejecutados por el letrado durante el periodo en que estuvo vigente. El licenciado Duquela Fuentes tiene la obligación de poner en conocimiento a aquellas personas que lo contrataron para asuntos notariales de su inhabilidad de completar tales trabajos y restituir los honorarios recibidos por labores no ejecutadas. Tendrá, también, que acreditar y certificar a esta Curia el cumplimiento de lo anterior dentro de un periodo de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia. Ordenamos al Alguacil del Tribunal que incaute el Libro de Registro de Testimonios y sello notarial y los entregue al Director de ODIN. Finalmente, le otorgamos un término de sesenta días para que enmiende y finiquite todo asunto que tenga pendiente con ODIN.

Se dictará Sentencia de conformidad.

Publíquese.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>Juan L. Duquela Fuentes | TS-14,124 |

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de diciembre de 2018.

Por los fundamentos enunciados en la Opinión *Per Curiam* que antecede y se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente al licenciado Duquela Fuentes de la práctica notarial. Su fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres años después de su terminación en cuanto a los actos ejecutados por el abogado durante el periodo en que estuvo vigente. Le imponemos la obligación de poner en conocimiento a todos sus clientes sobre su inhabilidad de seguir representándolos en asuntos notariales y de restituir los honorarios recibidos por las labores no ejecutadas. Además, tiene el deber de acreditar y certificar a este Tribunal que cumplió lo anterior en un periodo de treinta días desde la notificación de la Opinión *Per Curiam* y Sentencia. Ordenamos al Alguacil del Tribunal que incaute el Libro de Registro de Testimonios y sello notarial y los entregue al Director de ODIN. Finalmente, le otorgamos un término de sesenta días para que enmiende y finiquite todo asunto que tenga pendiente con ODIN.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Colón Pérez no intervinieron.

José I. Campos Pérez
Secretario del Tribunal Supremo