EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: |  |
|---|---|
| Gioakim A. Murati Fernández | 2020 TSPR 65 |
|  | 204 DPR _____ |

Número del Caso:  TS-17,412

Fecha:  13 de marzo de 2020

Abogado del promovido:

    Por derecho propio

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús

Materia:  La suspensión será efectiva el 22 de julio de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gioakim A. Murati
Fernández

TS-17,412

PER CURIAM

San Juan, Puerto Rico, a 13 de marzo de 2020.

Hoy, nos vemos obligados a ejercer nuestro poder disciplinario sobre un miembro de la profesión jurídica por incumplir los requerimientos de la Oficina de Inspección de Notarías (ODIN) y las órdenes de este Tribunal relacionadas con su función notarial. Por ello, decretamos la suspensión inmediata e indefinida del Lcdo. Gioakim A. Murati Fernández (licenciado Murati Fernández) de la práctica de la notaría.[1]

**I.**

El 26 de octubre de 2016, la Oficina de Inspección de Notarías (ODIN) compareció ante nos y solicitó incautar preventivamente la obra notarial del licenciado Murati Fernández. Ello, pues la División de Robos a Bancos de la

_____

[1] El Lcdo. Gioakim A. Murati Fernández fue admitido a la práctica de la abogacía el 18 de agosto de 2009 y juramentó como notario el 1 de septiembre de 2009.

Policía de Puerto Rico y el Servicio Secreto de los Estados Unidos de América allanaron las instalaciones del letrado como parte de una investigación sobre falsificación de sellos de rentas internas. Ante ello, ordenamos al licenciado Murati Fernández a entregar su obra protocolar y sello notarial.

Al inspeccionar la obra notarial entregada, el 20 de noviembre de 2018 la ODIN presentó un Informe sobre el estado de la obra notarial incautada. En el mismo, notificó una serie de deficiencias, incluyendo errores sustantivos en los instrumentos públicos, falta de encuadernación de su obra, una deuda arancelaria de $20,776.50 en instrumentos públicos y una deuda arancelaria de $8,825 en asientos del Registro de Testimonios. Debido a lo anterior, el 22 de febrero de 2019 le ordenamos al licenciado Murati Fernández a subsanar las deficiencias señaladas en un término de sesenta (60) días.

Así las cosas, el 24 de abril de 2019, el licenciado Murati Fernández acudió ante este Tribunal y solicitó una extensión de término. Alegó que se encontraba trabajando para subsanar las faltas notificadas por la ODIN. Sin embargo, adujo que razones personales y profesionales le impedían culminar satisfactoriamente su labor. Ante ello, el 30 de abril de 2019, le concedimos un término adicional de sesenta (60) días.

El 2 de julio de 2019, el licenciado Murati Fernández compareció nuevamente y solicitó una extensión adicional. Reiteró que, a pesar de sus esfuerzos, no había podido atender los defectos señalados por la ODIN. Por su parte, la ODIN presentó una <u>Moción notificando incumplimiento de orden y en solicitud de remedios</u>. En la misma, nos notificó que el licenciado Murati Fernández no había comparecido ante la ODIN desde nuestra última orden ni había realizado esfuerzo alguno para culminar sus labores. En consecuencia, recomendó la concesión de un término final e improrrogable para que cumpliera con lo ordenado. En vista de lo anterior, le concedimos un término de sesenta (60) días al licenciado Murati Fernández para que subsanara todas las deficiencias en su obra protocolar.

Eventualmente, la ODIN compareció ante nos e informó que aún subsistían la mayoría de los errores señalados previamente. En consecuencia, solicitó que denegáramos cualquier solicitud ulterior de prórroga, que suspendiéramos al licenciado Murati Fernández inmediata e indefinidamente de la profesión de la notaría y que refiriéramos el asunto de epígrafe al Tribunal de Primera Instancia para un procedimiento de desacato.

Por su parte, compareció el licenciado Murati Fernández y reseñó varios de los adelantos que alegaba haber realizado en torno a las deficiencias de su obra notarial. El peticionario arguyó que la subsanación ordenada por este Tribunal conllevaba una labor compleja

que le había tomado tiempo realizar. A su vez, alegó haber suplido parte de la deuda arancelaria.

Ante este cuadro, compareció la ODIN nuevamente y acreditó los esfuerzos realizados por el licenciado Murati Fernández. Asimismo, reconoció que el letrado levantó unas preocupaciones en torno a algunas de las deficiencias señaladas que, de tener mérito, disminuirían significativamente la deuda arancelaria. A raíz de ello, la ODIN se retractó de su última recomendación y sugirió que autorizáramos un término final e improrrogable de noventa (90) días para que el licenciado Murati Fernández subsanara los defectos de su obra notarial.

En vista de la recomendación de la ODIN, el 27 de septiembre de 2019, le concedimos al licenciado Murati Fernández una **cuarta** oportunidad para que subsanara todas las deficiencias señaladas por la ODIN. A esos fines, le concedimos un término **final e improrrogable** de noventa (90) días para que cumpliera con nuestra orden del 22 de febrero de 2019. Al igual que en las previas ocasiones en las que concedimos las extensiones solicitadas por el licenciado Murati Fernández, le advertimos que su incumplimiento conllevaría sanciones severas, incluyendo la suspensión de la abogacía.

Luego de este tracto de incumplimiento, el licenciado Murati Fernández comparece nuevamente ante nos y solicita otra prórroga para cumplir con la orden de este Tribunal. El peticionario reitera que, a pesar de sus

esfuerzos, no ha logrado subsanar las deficiencias señaladas por la ODIN.

Por su parte, la ODIN presenta una <u>Moción en cumplimiento de orden y en solicitud de remedios</u>, mediante la cual nos informa que el licenciado Murati Fernández aún no ha subsanado la totalidad de las deficiencias notificadas desde el 20 de noviembre de 2018. A pesar de que reconoció que el letrado subsanó su deuda arancelaria, la ODIN notifica que subsiste un proceso de reconstrucción de protocolo y una variedad de faltas sustantivas en su obra notarial. Particularmente, expresa que, desde nuestra última orden, el licenciado Murati Fernández no ha comparecido a la ODIN ni ha realizado esfuerzo alguno para atender las deficiencias de su obra.

En virtud de lo anterior, la ODIN recomienda lo siguiente: (1) que se declare <u>no ha lugar</u> a la prórroga solicitada; (2) que se suspenda inmediata e indefinidamente al licenciado Murati Fernández del ejercicio de la notaría, y (3) que se le confiera un término final e improrrogable de sesenta (60) días para finiquitar los asuntos que impiden la aprobación de su obra protocolar incautada. Lo anterior, advirtiéndole que su incumplimiento se referirá al proceso de desacato correspondiente ante el Tribunal de Primera Instancia y conllevará su posible suspensión de la abogacía.

Una vez aclarados los hechos particulares de este caso, procedemos a exponer el Derecho aplicable a la controversia ante nos.

**II.**

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Del mismo, emana el deber de los abogados y las abogadas de atender diligente y oportunamente las órdenes de este Tribunal. In re Rivera Sepúlveda, 192 DPR 985, 988 (2015). Lo anterior, cobra aún más importancia cuando se trata de procedimientos relacionados a la conducta profesional de letrados y letradas.

Por tanto, hemos sido consecuentes al resolver que desatender nuestros requerimientos es incompatible con la práctica de la profesión y que menoscaba nuestro poder inherente de regular la profesión jurídica. In re Cobas Mondríguez, 201 DPR 790, 794 (2019); In re Arocho Cruz, 200 DPR 352, 361 (2018). Ello, responde a que una "actitud de indiferencia y menosprecio a la autoridad del Tribunal no puede ser tomada livianamente, ya que constituye un curso de acción inaceptable que acarrea la suspensión inmediata de la práctica jurídica". In re Vera Vélez, 192 DPR 216, 227 (2015).

Lo anterior, se extiende a los requerimientos de nuestros brazos operacionales, tales como la ODIN, la Oficina del Procurador General, y el Programa de Educación

Jurídica Continua. In re Arocho Cruz, supra. Particularmente, hemos resuelto que los abogados y las abogadas que practican la notaría están obligados a responder diligentemente los requerimientos de la ODIN. In re Candelario Lajara I, 197 DPR 722, 726 (2017). Por tanto, tratar con ligereza o laxitud los señalamientos de la ODIN configura igualmente una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Es por ello que hemos suspendido de la profesión a quienes hayan desatendido los requerimientos de la ODIN. In re Marqués Latorre, 186 DPR 412, 417 (2012); In re Rojas Rojas, 185 DPR 405, 407 (2012).

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el licenciado Murati Fernández.

### III.

Según expuesto, el 20 de noviembre de 2018, la ODIN le notificó al licenciado Murati Fernández que en su obra notarial existía una gran variedad de deficiencias. A raíz de ello, el **22 de febrero de 2019** este Tribunal le concedió un término de sesenta (60) días para que atendiera y subsanara los errores notificados. Desde entonces, le hemos concedido varias extensiones al licenciado Murati Fernández para que cumpliera con lo ordenado.

La última ocasión, el 27 de septiembre de 2019, concedimos un generoso término de noventa (90) días para que el licenciado Murati Fernández finalmente atendiera

las deficiencias de su obra. No obstante, la ODIN nos notifica que, desde esta última orden, el licenciado Murati Fernández no ha realizado esfuerzo alguno ni ha comparecido a la ODIN para atender las deficiencias de su obra.

En fin, ha transcurrido **más de un (1) año** desde nuestra primera orden y el licenciado Murati Fernández aún no ha subsanado la totalidad de las deficiencias señaladas por la ODIN. En las **cuatro (4) ocasiones** en que le concedimos oportunidades al letrado para que cumpliera con lo ordenado, le advertimos que su incumplimiento conllevaría la imposición de sanciones disciplinarias severas, incluyendo su suspensión indefinida e inmediata de la profesión. A pesar de lo anterior, el licenciado Murati Fernández ha continuado incumpliendo.

La actitud pasiva e indiferente exhibida por el licenciado Murati Fernández denota dejadez hacia sus responsabilidades como notario. Además, demuestra irreverencia hacia uno de nuestros brazos operacionales y con ello, hacia nuestra autoridad disciplinaria, lo que conlleva una violación al Canon 9 del Código de Ética Profesional, _supra_. Por tales motivos, nos vemos obligados a suspenderlo inmediata e indefinidamente de la práctica de la notaría.

**IV.**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Gioakim A. Murati Fernández del ejercicio de la notaría.

Como consecuencia, se le ordena al Sr. Gioakim A. Murati Fernández a subsanar **todas** las deficiencias notificadas por la Oficina de Inspección de Notarías, dentro del término de **sesenta (60) días**, contado a partir de la notificación de esta Opinión <u>Per Curiam</u> y Sentencia. De incumplir con lo anterior, será referido a un procedimiento de desacato ante el Tribunal de Primera Instancia y se enfrenta a una posible suspensión inmediata e indefinida de la profesión de la abogacía.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Gioakim A. Murati Fernández y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales, de haber prestado la misma, queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por último, notifíquese personalmente esta Opinión <u>Per Curiam</u> y Sentencia al Sr. Gioakim A. Murati Fernández.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gioakim A. Murati Fernández

TS-17,412

SENTENCIA

San Juan, Puerto Rico, a 13 de marzo de 2020.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente al Lcdo. Gioakim A. Murati Fernández del ejercicio de la notaría.

Como consecuencia, se le ordena al Sr. Gioakim A. Murati Fernández a subsanar **todas** las deficiencias notificadas por la Oficina de Inspección de Notarías, dentro del término de **sesenta (60) días**, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De incumplir con lo anterior, será referido a un procedimiento de desacato ante el Tribunal de Primera Instancia y se enfrenta a una posible suspensión inmediata e indefinida de la profesión de la abogacía.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Gioakim A. Murati Fernández y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales, de haber prestado la misma, queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por último, notifíquese personalmente esta Opinión Per Curiam y Sentencia al Sr. Gioakim A. Murati Fernández.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente pues entiende que procedería suspenderlo de la abogacía.


                                        José Ignacio Campos Pérez
                                        Secretario del Tribunal Supremo