EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Frank M. Rosa Rivera | 2021 TSPR 18<br><br>206 DPR _____ |

Número del Caso: TS-18,970

Fecha: 17 de febrero de 2021

Oficina de Inspección de Notarías:

     Lcdo. Manuel E. Ávila de Jesús
     Director

Materia: La suspensión será efectiva el 19 de febrero de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

In re:

                                    Conducta
                                    Profesional

Frank M. Rosa Rivera

                    TS-18,970

PER CURIAM

En San Juan, Puerto Rico, a 17 de febrero de 2021.

Una vez más, nos vemos obligados a suspender a un letrado del ejercicio de la abogacía por incumplir con nuestras órdenes.

I

El Lcdo. Frank M. Rosa Rivera fue admitido al ejercicio de la abogacía el 21 de agosto de 2012 y al ejercicio de la notaría el 19 de abril de 2013. Sin embargo, mediante Opinión *Per Curiam* y Sentencia de 28 de octubre de 2020, archivada en autos y notificada el 1 de diciembre de 2020, suspendimos al licenciado Rosa Rivera del ejercicio de la notaría. Véase In re Rosa Rivera, 2020 TSPR 132, 205 DPR __ (2020). Esto se debió a que el licenciado Rosa Rivera

hizo caso omiso, en reiteradas ocasiones, a las oportunidades que le concedió el inspector de protocolos y la Oficina de Inspección de Notarías (ODIN) para subsanar las deficiencias que impiden la aprobación de su obra protocolar para el año natural de 2016 y presentar los Índices de Actividad Notarial Mensual adeudados.

En esa ocasión, le concedimos al licenciado Rosa Rivera un término de sesenta días para subsanar a sus expensas las deficiencias señaladas en su obra protocolar y presentar los Índices de Actividad Notarial Mensual adeudados. Además, le apercibimos que su incumplimiento podría acarrear sanciones severas incluyendo su suspensión al ejercicio de la abogacía, así como referirlo al correspondiente proceso de desacato ante el Tribunal de Primera Instancia de San Juan.

Sin embargo, ese término venció y este nunca compareció. La ODIN informó que el licenciado Rosa Rivera no se comunicó con el inspector a cargo del proceso ni con el personal que labora en la ODIN para coordinar una fecha cierta para iniciar el proceso de subsanación.

Cabe destacar que el abogado tiene pendiente un trámite disciplinario con respecto a la Queja AB-2020-0025.

II

El Código de Ética Profesional es el cuerpo legal que incorpora las normas de conducta que deben exhibir los miembros de la profesión de la abogacía en el desempeño de sus funciones. In re Candelario Lajara, 197 DPR 722, 725

(2017). El Canon 9 de Ética Profesional, 4 LPRA Ap. IX, dispone, en lo pertinente, que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Así, hemos resuelto que la naturaleza de la función del abogado le requiere responder diligentemente a las órdenes y los requerimientos de este Tribunal. Véanse, In re Eileen Guzmán, 2020 TSPR 159, 205 DPR __ (2020); In re Salas González, 193 DPR 387, 392-393 (2015); In re Dávila Toro, 179 DPR 833, 840 (2010). Por tanto, los abogados deben la más estricta observancia a las órdenes judiciales, más aún cuando se trata de procedimientos disciplinarios. In re García Ortiz, 187 DPR 507, 524 (2012). Este deber ineludible de cumplir pronta y diligentemente con las órdenes que emite este Tribunal incluye cumplir con los requerimientos de la ODIN. In re: José F. Torres Acevedo, 2020 TSPR 108, 205 DPR ___ (2020); In re Arocho Cruz, 200 DPR 352, 361 (2018).

Por ello, asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, al igual que ante los requerimientos de nuestros funcionarios y organismos, denota una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9. In re Plaza Acevedo, 203 DPR 632, 643 (2019); In re Colón Collazo, 196 DPR 239, 242 (2016). Hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle

sanciones disciplinarias. Véanse, <u>In re Ruiz Fontanet</u>, 201 DPR 663, 666 (2019); <u>In re Prado Rodríguez</u>, 190 DPR 361 (2014).

### III

Nos encontramos ante un caso en el cual un miembro de la profesión desatendió nuestras ordenes en múltiples ocasiones. El licenciado Rosa Rivera fue suspendido del ejercicio de la notaría y, aun así, le concedimos un término para que cumpliera con la subsanación de su obra protocolar y con la presentación de los Índices de Actividad Notarial Mensual adeudados. No obstante --y como si no fuera poco-- éste desaprovechó la oportunidad otorgada e incumplió, una vez más, con las órdenes de este Tribunal. La actitud contumaz del licenciado Rosa Rivera refleja desinterés y falta de compromiso. Por tal razón, procede su suspensión inmediata e indefinida del ejercicio de la abogacía.

La dejadez que mostró el licenciado Rosa Rivera ante nuestros requerimientos es prueba de que ya no desea continuar en el ejercicio de la abogacía. Le dimos la oportunidad de evitar ser suspendido del ejercicio de la abogacía y este no la aprovechó. Su conducta indiferente ante nuestros requerimientos constituye una falta de respeto a esta Curia, que violenta el Canon 9, <u>supra</u>.

### IV

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al señor Rosa

Rivera. Se impone al señor Rosa Rivera el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, dentro de ese mismo término, deberá proceder con la subsanación de la obra protocolar y con la presentación de los Índices de Actividad Notarial Mensual que debe, so pena de que el asunto sea referido al Tribunal de Primera Instancia para un proceso de desacato.

Por último, se ordena el archivo administrativo de la Queja Núm. AB-2020-0025 hasta tanto dispongamos otra cosa.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico al señor Rosa Rivera. El recibo de dicha notificación será confirmado por vía telefónica.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                        Conducta
                                        Profesional
Frank M. Rosa Rivera
                            TS-18,970

SENTENCIA

En San Juan, Puerto Rico, a 17 de febrero de 2021.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al señor Rosa Rivera. Se impone al señor Rosa Rivera el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, dentro de ese mismo término, deberá proceder con la subsanación de la obra protocolar y con la presentación de los Índices de Actividad Notarial Mensual que debe, so pena de que el asunto sea referido al Tribunal de Primera Instancia para un proceso de desacato.

Por último, se ordena el archivo administrativo de la Queja Núm. AB-2020-0025 hasta tanto dispongamos otra cosa.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico al señor Rosa Rivera. El recibo de dicha notificación será confirmado por vía telefónica.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo